**CITY OF SIDNEY**

v.

**STOUT.**

Municipal Court of Sidney, Ohio.

No. 96TRC01114.

Decided June 26, 1996.

80

*Tonya K. Thieman,* City Prosecutor, for the plaintiff.

*Robert A. Pratt,* for the defendant.

DONALD G. LUCE, Judge.

This matter came before the court on defendant's motion to suppress. The defendant asserts that the law enforcement officer had no probable cause to stop or arrest him.

The facts in this case are as follows:

An employee at a drive-thru fast food operation, while serving the defendant, Michael E. Stout, telephoned the Sidney Police to report a possible DUI. The tip was relayed from police dispatch to an officer who happened to be in the vicinity of the fast food restaurant. The officer responded and saw the defendant's car at the drive-thru window. The officer walked up to the driver's window and began to solicit information from the defendant and collected evidence which led to the defendant's arrest. It should be noted that the officer had no other information prior to engaging the defendant. The officer did not know the tipster, nor did he solicit further information from the tipster.

The United States Supreme Court has held that investigative stops and searches will be justified if the officer has a reasonable suspicion supported by articulable facts. *Berkemer v. McCarty* (1984), 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317. A law enforcement officer does not need probable cause for arrest in order to make an investigative stop, but needs only specific and articulable facts warranting the officer's further investigation. *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 534 N.E.2d 906. In determining whether reasonable suspicion exists, a reviewing court must look to the totality of the circumstances. *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. Further, an investigatory stop based on reasonable suspicion may be justified by information received from a known informant, *Adams v. Williams* (1972), 407 U.S. 143, 92

S.Ct. 1921, 32 L.Ed.2d 612, and also from an anonymous tip, when such information is corroborated by independent police investigation. *Alabama v. White* (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301. Where specific details of an anonymous tip are corroborated by police, ·they have reasonable suspicion to make an investigatory stop. *Id.;* see, also, *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

The tipster in this case is an anonymous informant. In *State v. Ramsey* (Sept. 20, 1990), Franklin App. Nos. 89AP–1298 and 89AP–1299, unreported, 1990 WL 135867, the police stopped a vehicle solely on the basis of information reported to the police by a caller who left her name and phone number. The court found that the caller's information was insufficient to furnish the police with a sufficient basis for an investigative stop. The Court of Appeals for Franklin County ruled that "the fact that the otherwise unknown caller left her name and phone number does not significantly add to the reliability of the tip in this case." Unlike a crime scene report, the police did not talk to the citizen-informant personally, nor did they even know for certain that a crime had been committed. Moreover, there is no indication in the record that the police even attempted to verify the caller's identity.

In this case, the officer approached the defendant before he had sufficiently corroborated the anonymous tip. The officer did not see any erratic driving or any suspicious behavior of any type. The officer approached the defendant's vehicle without developing an independent reasonable suspicion of criminal activity. In addition, the officer did not talk to the citizen-informant personally before approaching and questioning the defendant. Where specific details of an anonymous tip are corroborated by police, they have reasonable suspicion to make an investigatory stop. *Alabama v. White, supra.* These specific details to corroborate the tip are missing in the case at bar.

The court finds that the sole basis for the stop of the defendant was supported by an anonymous tip standing alone. This fact sequence does not support the constitutional requirement necessary for an investigative stop, to wit, a reasonable suspicion supported by articulable facts. *Berkemer v. McCarty, supra.*

The defendant's motion to suppress is granted.

*Motion to suppress granted.*