OPINION
Defendant-appellant, Daniel R. Wilhelm, appeals a decision by the Butler County Area One Court denying his motion to suppress evidence.
At about 10:35 p.m. on August 24, 1996, appellant was driving westbound into Oxford, Ohio on State Route 73 ("S.R. 73"). Officer William Scott Smith of the Oxford Township Police Department pulled out of the Springwood subdivision onto S.R. 73 behind appellant. Smith drove to within two car lengths of appellant's car and followed appellant on westbound S.R. 73 past the stables at Miami University, during which time Smith observed appellant's front and rear passenger-side tires cross the right edge line of the roadway three times. At appellant's trial, Smith testified that appellant only crossed one to two inches over the right edge line each time. Smith then pulled appellant over and administered three field sobriety tests, all of which appellant failed. Smith transported appellant to the Oxford Police Department where appellant tested .17 grams of alcohol for two hundred ten liters in his breath on the BAC Datamaster. Smith cited appellant for driving under the influence of alcohol ("DUI") under R.C. 4511.19(A)(1) and 4511.19(A)(3) and failure to drive within marked lanes under 4511.33. Appellant moved to suppress evidence of his intoxication on the grounds that the initial investigative stop was not valid. His motion was denied. Appellant entered a plea of no contest to the DUI charge and was found guilty. This appeal followed.
As his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress. Appellant's assignment of error is sustained.
In order to justify an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. State v. Johnson (June 26, 1995), Butler App. No. CA94-09-181, unreported at 2, citing Delaware v. Prouse (1979), 440 U.S. 648, 663, 99 S.Ct. 1391; State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. An officer's observation of a traffic offense justifies an investigative stop. Whren v. U.S. (1996), ___ U.S. ___,116 S.Ct. 1769, 1772; Johnson, unreported at 2. (Citations omitted.) However, not every occurrence of a driver not staying within marked lanes is a traffic offense that provides the reasonable, articulable suspicion necessary to support such a stop. Johnson, at 2-3. Indeed, we have found previously that "[e]vidence of a momentary or minuscule crossing of the right edge line, without more, does not justify a stop of the vehicle." Id. at 3. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988), 37 Ohio St.3d 177, 178.
In this case, Officer Smith's reason for stopping appellant was that he failed to stay within his marked lane of travel in violation of R.C. 4511.33. R.C. 4511.33 states in part:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, * * * the following rules apply:
 (A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
It is evident from the text of this statute that not every instance of crossing the right edge line constitutes a traffic offense. Instead, the statute has a proviso. Driving outside a lane is excusable if driving entirely within the lane is not practicable and if the driver ascertains that leaving the lane can be done safely. For this reason, the propriety of stops justified by a marked lanes violation must be judged on a case-by-case basis. The record in this case is silent as to whether appellant was not driving within his lane "as nearly as [was] practicable" under the circumstances and whether he left the lane without ascertaining that it was safe to do so. Accordingly, we cannot state with certainty that he violated the conditions of the statute. We note also that while appellant was cited for violating R.C. 4511.33, he was not convicted of that charge.
In the absence of an observed traffic offense, the police officer's reasonable, articulable suspicion must come from another source. However, it is not proper for the officer to induce the behavior that then becomes grounds for justifying a stop. In this case, Officer Smith was driving approximately two car lengths behind appellant when he observed appellant's right tires stray slightly across the right edge line of the roadway. Being followed at such close proximity, particularly by a marked police vehicle, is distracting. This being so, we cannot say that appellant's crossing the line was not the product of his being distracted by the police car following so closely behind him as opposed to being the product of impairment through consumption of alcohol.
Accordingly, with no finding that appellant committed a traffic violation and faced with these particular facts — including evidence as to the reasons why appellant drove in the manner he did — we must conclude that Smith lacked the reasonable, articulable suspicion necessary to justify the stop of appellant's vehicle. We should remember that it is what was known to or observed by the officer at the time he made the stop and not what he learned as a result of the stop that is at issue here.
Conviction reversed and appellant discharged.
KOEHLER, J., concurs.
POWELL, P.J., dissents.