OPINION
Appellant Leonard Resar is appealing his conviction, in the Ashland Municipal Court, for one count of illegal breath/alcohol concentration in violation of R.C. 4511.19(A)(3). The following facts give rise to this appeal.
On June 11, 1996, Trooper Jeff Carpenter, of the Ashland Post of the State Highway Patrol, observed a non-operational tail light on appellant's pick-up truck. The trooper turned around his vehicle and began following appellant. As appellant's pick-up truck passed the merge lane to exit Route 42 and enter U.S. 250, one-half the width of appellant's pick-up truck entered the merge lane for two to three seconds. The trooper then observed appellant abruptly swerve into the northbound lane of Route 42.
After observing this behavior, the trooper activated his lights and stopped appellant. As a result of the traffic stop, the trooper cited appellant for illegal breath/alcohol concentration, driving under the influence of alcohol and/or drugs, driving under FRA suspension and no seat belt. Appellant entered a plea of not guilty to these charges and filed a motion to suppress. The trial court conducted a hearing on appellant's motion on July 15, 1996. Following the hearing, the trial court overruled appellant's motion on July 22, 1996. The trial court conducted a hearing on appellant's motion to reconsider on September 17, 1996, and again overruled appellant's motion to suppress on September 18, 1996.
On October 15, 1996, appellant plead no contest to a violation of R.C. 4511.19(A)(3). The remaining charges were nollied. The trial court sentenced appellant to imprisonment for one year, with all but thirty days suspended, and imposed a $750 fine, suspended appellant's operator's license for two years and placed appellant on probation for two years with an alcohol assessment required.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING THE MOTION TO SUPPRESS AND THE MOTION TO RECONSIDER WHEN THERE WAS NO REASONABLE SUSPICION WITH SPECIFIC AND ARTICULABLE FACTS OF CRIMINAL ACTIVITY.
 II. THERE WAS NO REASONABLE SUSPICION WITH SPECIFIC ARTICULABLE FACTS OF CRIMINAL ACTIVITY WHEN THE STATE HIGHWAY TROOPER OBSERVED THE MOVEMENT OF TWO AND ONE-HALF FEET INTO AN UNMARKED EXIT RAMP LANE FOR TWO SECONDS WITHOUT A SIGNAL AND THEN RETURN TO THE ORIGINAL LANE WHEN THE OFFICER WAS 150 FEET BEHIND THE VEHICLE AT NIGHT.
 I, II
We will address both of appellant's assignments of error simultaneously as both concern whether Trooper Carpenter had a reasonable suspicion, based upon specific and articulable facts, to stop appellant's vehicle.
As an appellate court, when reviewing the trial court's decision to suppress evidence, we are guided by the Ohio Supreme Court's ruling in State v. Smith (1991), 61 Ohio St.3d 284 andState v. Fanning (1982), 1 Ohio St.3d 19. Pursuant to these cases, it is well settled law that "[a]t a suppression hearing the evaluation of evidence and the credibility of witnesses are issues for the trier of fact." Smith at 288, citing Fanning at 20. We are therefore required to accept the trial court's findings of fact if they are supported by competent, credible evidence. Statev. Klein (1991), 73 Ohio App.3d 486, 488. It is based upon this standard that we review the trial court's decision overruling appellant's motion to suppress.
In its judgment entry of July 22, 1996, the trial court found that Trooper Carpenter observed conduct which would constitute a traffic violation, either a lane change violation or a failure to indicate a turn. Pursuant to the judgment entry, the trial court did not find a reasonable and articulable suspicion based upon a tail light violation, even though the BMV form 2255 charged appellant with a tail light violation. Therefore, we will not address the issue concerning a tail light violation on appeal. Instead, the trial court found a reasonable and articulable suspicion due to either a lane violation or a failure to indicate a turn.
Since Trooper Carpenter did not charge appellant with failure to indicate a turn, it cannot be the reasonable and articulable suspicion upon which he stopped appellant's vehicle. Thus, we are left with the lane violation under R.C. 4511.33. Trooper Carpenter testified, at the suppression hearing, as follows:
 A. As I caught up to him, he was approaching — there was like a ramp if you want to go on 250 eastbound, he made no signal to turn but his vehicle drifted over as if he intended to get off at that exit. He got about half of his vehicle onto the exit and then abruptly came back, swerved it back onto 42.
Q. So what then did you do?
 A. At that time as soon as I saw him do that, I activated my overhead lights and stopped him. Tr. Suppression Hrng., July 15, 1996, at 6.
Trooper Carpenter also testified to the movement as follows:
 Q. All right. And describe again the manner in which he came back onto the traveled portion of 42? (sic)
 A. It was an abrupt movement back, he drifted onto the ramp, normally — at that time I believe he was, he was going to go onto the ramp, and then just, he swerved back suddenly back onto 42 like he either had changed his mind or was confused about whether or not he was supposed to go that way. Tr. Suppression Hrng., July 15, 1996, at 7-8.
Finally, Trooper Carpenter testified to the length of time appellant was on the exit ramp before he swerved back onto Route 42.
 Q. With regard to his getting onto this ramp and then getting off, how long would you say he was on the ramp?
 A. I'd say about two to three seconds, maybe two seconds. Tr. Suppression Hrng., July 15, 1996, at 10.
It is well settled law in Ohio that reasonable and articulable suspicion is required for an officer to make a warrantless stop. Terry v. Ohio (1968), 392 U.S. 1. "Probable cause to arrest a suspect for driving under the influence is not necessary in order to stop a vehicle for suspected criminal activity." State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v. Prouse (1979), 440 U.S. 648.
We find, based upon the above standard and the testimony presented at the suppression hearing, that Trooper Carpenter did not have a reasonable and articulable suspicion to stop appellant. First, approximately half of appellant's pick-up truck, two and one-half feet, drifted onto the exit ramp. In doing so, appellant did not cross a marked lane as there is no line delineating between the roadway and the exit ramp. For a violation of R.C.4511.33 to occur, a person must cross "clearly marked lanes for traffic".
Second, according to Trooper Carpenter's own testimony, this abrupt swerve only lasted about two to three seconds. Trooper Carpenter also testified that when he saw appellant swerve back onto Route 42, he thought appellant either changed his mind or was confused about whether or not he was supposed to go that way. Tr. Suppression Hrng., July 15, 1996, at 7-8.
Third, we find this case differs factually from other cases from this district in that Trooper Carpenter only observed one movement, appellant swerving onto the exit ramp and back onto Route 42, before he activated his lights and stopped appellant. In other cases where we have found a reasonable and articulable suspicion to justify a stop, the law enforcement official observed driver's conduct that involved swerving over the center line and/or over the line on the right side of the road. The law enforcement official observed more than merely one swerve or drift. See City of Bellville v. Mabee (March 7, 1997), Richland App. No. 96 CA 53, unreported; State v. Kinsey (Dec. 23, 1996), Stark App. No. 1995CA00312, unreported; State v. Berry (Dec. 19, 1996), Delaware 95CAC04022, unreported; State v. Young (Dec. 2, 1996), Stark App. No. 95-CA-211, unreported; State v. Nutter (Oct. 30, 1996), Licking App. No. 95 CA 30, unreported; State v.Copinski (Oct. 21, 1996), Stark App. No. 96-CA-0032, unreported;State v. Pennington (May 14, 1996), Richland App. No. 95-CA-71, unreported; State v. Powers (March 26, 1996), Fairfield, App. No. 95-CA-30; State v. Glenn (Dec. 4, 1995), Licking App. No. 95-CA-37, unreported; State v. Ute (May 12, 1993), Richland App. No. 92-CA-78, unreported.
Had Trooper Carpenter continued to follow appellant and noticed appellant swerving between the center line and the line on the right side of the road or observed him crossing the center line or the line on the right side of the road, this case would present a different factual situation. However, when a law enforcement official observes a driver swerve onto an exit ramp, which is not a marked lane of travel, for two or three seconds, and again enter the road upon which he or she was traveling, we find such conduct, alone, does not establish a reasonable and articulable suspicion which can be the basis for a valid traffic stop.
Appellant's first and second assignments of error are sustained.
For the foregoing reasons, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J.
Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court of Ashland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.