**The STATE of Ohio**

v.

**COLEMAN.**

Hamilton County Municipal Court.

No. 00 TRD 7407 A.

Decided June 21, 2000.

*Terrence R. Cosgrove*, City of Cincinnati Prosecutor, and *Alan C. Triggs*, Assistant City Prosecutor, for the state.

*John W. Hauck*, for defendant.

---

JAMES PATRICK KENNEY, Judge.

This case came before the court on defendant's motion to suppress evidence. Defendant, Darren S. Coleman, is charged with a driving under the influence and alleges that the stop of his vehicle was in violation of his Fourth and Fourteenth Amendment rights and that all evidence resulting from this stop should be suppressed. This investigative stop resulted from a "Signal 30" in the police computer, indicating that an open warrant citation issued by the Hamilton County Municipal Court existed on defendant. The warrant had previously been issued by the municipal court, but was a result of mistaken information provided by the clerk. This court finds that the investigative stop did not violate defendant's Fourth and Fourteenth Amendment rights, and, therefore, the evidence should not be suppressed.

The motion to suppress was presented to this court upon stipulated facts. The facts are as follows. On or about August 19, 1999, defendant Coleman received a citation for a possession of an open flask, a minor misdemeanor. The citation indicated that the defendant could pay the citation within seven days, or, if the defendant elected not to pay the fine, then he was required to appear in court on September 3, 1999 at 1:00 p.m. Defendant did, in fact, pay the fine on August 27, 1999. However, the clerk's office failed to indicate that the ticket was paid, and, on September 3, 1999, a capias for the arrest of Coleman was issued by a Hamilton County Municipal Court Judge. The capias remained outstanding. On February 13, 2000, the defendant was stopped by an officer. The stop was a result of a computer check on the defendant's license plate by the officer, which indicated that an open capias warrant existed on the defendant. Upon investigation, the defendant was charged with driving under the influence of alcohol ("DUI").

■ Defendant claims that the stop and arrest of the defendant for the DUI was an improper and illegal stop in violation of his Fourth and Fourteenth Amendment rights because of the misinformation given to the court by the clerk

and the fact that ample time had existed between the time of the issuance of the capias and the arrest to rectify any mistake in the computer system. Therefore, defendant claims that the evidence of the DUI was the fruit of an illegal stop and that all evidence relating to the DUI should be suppressed.

■ The exclusionary rule and good-faith exceptions to the exclusionary rule were addressed by the United States Supreme Court in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, and in *Massachusetts v. Sheppard* (1984), 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737. " 'The rule announced in both *Leon* and *Sheppard* is twofold: first the court must determine the deterrent value of excluding evidence toward the achievement of Fourth Amendment aims and secondly, the court must weigh the social costs of exclusion.' " *State v. Banks* (May 25, 1994), Montgomery App. No. 14201, unreported, 1994 WL 220401, at *2, quoting the trial court's opinion. In the *Banks* case, the Second District Court of Appeals dealt with a situation in which an arrest warrant had existed for the defendant but was withdrawn by an entry of the court several days before defendant's arrest. In that case, the court found that the arresting officer had acted in good faith on the information and that a "certain amount of administrative delay must be recognized." *Banks* at *4. The court found that suppression " 'would do nothing to advance the purposes of the exclusionary rule * * * [and that] [t]here is simply no unlawful or improper police conduct here to deter.' " *Banks* at *3, quoting *Childress v. United States* (D.C.App.1977), 381 A.2d 614, 618.

■ The United States Supreme Court addressed an issue similar to the one in the present case in *Arizona v. Evans* (1995), 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34. In that case, an illegal arrest resulted from a court employee's error, and the court refused to suppress the evidence. The court held that the exclusionary rule does not require suppression of evidence seized in violation of the Fourth Amendment where the erroneous information resulted from clerical errors of court employees. "The exclusionary rule [is] a judicially created remedy designed to safeguard against future violations of Fourth Amendment rights through [its] general deterrent effect." *Id.* at 10, 115 S.Ct. at 1191, 131 L.Ed.2d at 44. "[T]he exclusionary rule was historically designed as a means of deterring police misconduct, not mistakes by court employees." *Id.* at 14, 115 S.Ct. at 1193, 131 L.Ed.2d at 46–47."

In *State v. Silcott* (Nov. 5, 1999), Montgomery App. 17679, unreported, 1999 WL 1000072, the Second Appellate District also addressed this issue. In that case a delinquent traffic fine was paid, and the warrant for defendant's arrest was withdrawn and removed from the court's records. However, that employee failed to remove the arrest warrant from the records of the police department. The

court of appeals found that the arrest was not unreasonable and that the officer had reasonably relied on the information.

The Second Appellate District addressed the issue of a mistake by a police officer in *State v. Greer* (1996), 114 Ohio App.3d 299, 683 N.E.2d 82. The *Greer* case involved a mistake in law by the police officer. Defendant Greer was stopped and charged with a DUI. The underlying conduct of the defendant that was the basis for the original stop was found not to be a violation of law by the trial court and the court of appeals. Although the court indicated that a mistake of law by an officer must be closely scrutinized, the court found that a narrow exception existed to exclusion when the mistake of law was reasonable. The court also noted that an investigative stop was involved and an investigative stop represents significantly less intrusion upon the individual's liberty. *Id.* at 304, 683 N.E.2d at 86, citing *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. See, also, *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 534 N.E.2d 906.

The present case, as in *Greer*, involves an investigative stop, which causes "less intrusion upon protected liberty interests." *Id.*, 114 Ohio App.3d at 304, 683 N.E.2d at 86. Furthermore, as in *Arizona v. Evans* and *State v. Silcott*, the error was not a mistake by the officer or any misconduct by the officer, but was a mistake made by the clerk's personnel. The warrant was issued by a judge of the municipal court and was never withdrawn. In *Silcott* and *Banks*, the warrants had actually been withdrawn, but the court still found that the officer acted reasonably in stopping the defendant as a result of the warrants still existing in the records. In this case, the officer stopped defendant Coleman on a warrant that had not been withdrawn, and, thus, the officer's conduct was even more reasonable than that involved in the *Greer* and *Silcott* cases.

Although the warrant was issued on mistaken information given to the judge, the misinformation or misconduct was not that of law enforcement. This difference distinguishes this case from other Ohio cases that have granted suppression based on police misconduct. For example, in *State v. Gough* (1986), 35 Ohio App.3d 81, 519 N.E.2d 842, an arrest warrant was issued based on misinformation given by law enforcement to the issuing court. In that case, the court stated that "there is police conduct to deter." *Id.* at 83, 519 N.E.2d at 845. In *State v. Wright* (Apr. 28, 1987), Cuyahoga App. No. 52173, unreported, 1987 WL 11672, a warrant had been recalled but was not removed from police computers for a period of seven months. The court in that case found that the failure to remove the warrant from police computers was conduct that invalidated the defendant's arrest.

In this case, the police officer made an investigative stop based upon a warrant that was issued by the municipal court and that had never been withdrawn.

Although the warrant was issued as a result of incorrect information given to the court by the clerk, there was no police misconduct. The "police conduct in this case clearly was objectively reasonable and largely error-free." *Massachusetts v. Sheppard,* 468 U.S. at 990, 104 S.Ct. at 3429, 82 L.Ed.2d at 745. The suppression of this evidence would in no way further the objectives of the exclusionary rule in deterring police misconduct, and, therefore, the motion to suppress is denied.

*Motion denied.*