OPINION
The defendant-appellant, Christopher M. Sanders ("the appellant"), appeals the conviction and sentence of the Marion County Municipal Court for driving under the influence of alcohol, in violation of R.C.4511.19(A)(1). For the following reasons, we reverse the judgment of the trial court.
The facts and procedural history of the case are as follows.[1] On or about 2:27 a.m. on the morning of December 11, 1999, the appellant's vehicle was stopped by Trooper Strother Bracy of the Ohio State Highway Patrol. Trooper Bracy stopped the appellant's vehicle's because the rear license plate light was not illuminated.
Upon approaching the vehicle and after speaking with the appellant, Trooper Bracy detected a "moderate" odor of alcohol. Trooper Bracy asked the appellant whether he had been drinking, to which the appellant stated that he had consumed a "couple" of beers. According to the Trooper Bracy, the appellant's eyes were "bloodshot" and "watery".
After such observations, Trooper Bracy asked the appellant to exit the vehicle so that he could administer a series of field sobriety tests, which the appellant did. After the completion of the field sobriety tests, the appellant was placed under arrest for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1).[2]
On December 14, 1999, the appellant entered a plea of not guilty to the offense of driving under the influence of alcohol. On January 5, 2000, the appellant filed a motion to suppress including, but not limited to, the results of the field sobriety tests. On March 9, 2000, a hearing was held on the matter in the Marion County Municipal Court. By judgment entry of April 7, 2000, the trial court overruled the appellant's motion to suppress.
The appellant changed his plea to no contest following the ruling on the motion to suppress. The trial court ultimately found the appellant guilty of driving under the influence and sentenced him to thirty days in jail, with all but three days suspended, and fined him $1,000.00, with $600.00 suspended.
The appellant now appeals, asserting the following two assignments of error for our review.
Assignment of Error No. I
 The trial court erred to the prejudice of defendant-appellant by denying his motion to suppress the results of the breathalyzer tests.
Assignment of Error No. II
 The trial court erred to the prejudice of defendant-appellant by refusing to dismiss the case or suppress evidence due to the lack of probable cause for defendant-appellant's arrest.
In his first assignment of error, the appellant maintains that the trial court erred in overruling his motion to suppress. Specifically, the appellant maintains that Trooper Bracy did not have probable cause to arrest him for driving under the influence of alcohol. For the following reasons, we agree.
Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. State v. Dunlap (1995) 73 Ohio St.3d 308, 314; State v.Robinson (1994), 98 Ohio App.3d 560. Thus, the credibility of witnesses during a motion to suppress hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings for issues of credibility. State v. Mills (1992), 62 Ohio St.3d 357; State v.Fanning (1982), 1 Ohio St.3d 19. While the appellate court is bound to accept the findings of fact which are supported by competent credible evidence, we must determine independently, without any deference to the decision of the trial court, whether the trial court properly applied the substantive law to the facts of the case. State v. Vance (1994)98 Ohio App.3d 56, 58.
In his brief, the appellant argues that Trooper Bracy did not have probable cause to effectuate a lawful arrest because he did not strictly comply with standardized testing procedures concerning field sobriety tests. Thus, according to the appellant, the field sobriety test results could not serve as probable cause for his arrest.
In determining whether the police have probable cause to arrest an individual for driving under the influence, the court must consider whether, at the time of the arrest, the police had sufficient information, derived from a reasonable trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89,91; State v. Timson (1974), 38 Ohio St.2d 122, 127. In making such a determination, the reviewing court must examine the "totality" of the circumstances surrounding the arrest. State v. Miller (1997),117 Ohio App.3d 750, 761; State v. Brandenburg (1987), 41 Ohio App.3d 109,111.
In State v. Homan (2000), 89 Ohio St.3d 421, the Supreme Court of Ohio determined that, in administering field sobriety tests, the police must strictly comply with established standardized procedures. The Court held that in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with the standardized testing procedures set forth in the National Highway Traffic Safety Administration ("NHTSA") Student Manual. Id. at 426.
In the case sub judice, the evidence introduced at the suppression hearing clearly and unequivocally established that Trooper Bracy, the arresting officer, did not strictly comply with established police procedures, as set forth in the NHTSA student manual, when he administered the appellant the Horizontal Gaze Nystagmus ("HGN") test and walk-and-turn tests. In fact, Trooper Bracy admitted that he did not strictly comply with established police procedure concerning both of these tests. Therefore, the results of the field sobriety tests could not serve as probable cause to arrest the appellant for driving under the influence of alcohol.
We note, however, that while field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. Id. at 427. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance. Id. Thus, we must now determine whether the totality of the facts and circumstances nonetheless support a finding of probable cause to arrest.
At the suppression hearing, Trooper Bracy testified that on or about 2:30 a.m. on December 11, 1999, while traveling westbound behind the appellant's vehicle, he noticed that the rear license plate of the appellant's vehicle was not illuminated. At that time, Trooper Bracy performed a routine traffic stop of the appellant's vehicle. Trooper Bracy testified that he did not observe erratic or impaired driving on the part of the appellant, nor did the appellant appear to have any problem pulling the vehicle to the side of the road.
Upon approaching the appellant's vehicle and after speaking with the appellant, Trooper Bracy detected a "moderate" odor of alcohol. Trooper Bracy asked the appellant whether he had been drinking, to which the appellant stated that he had consumed a "couple" of beers. According to Trooper Bracy, the appellant's eyes were "bloodshot" and "watery", but his speech was fine.
Based upon the totality of the circumstances, we cannot rationally conclude that there was probable cause to arrest the appellant for driving under the influence of alcohol. In fact, Trooper Bracy himself testified that he would not have placed the appellant under arrest had the appellant not performed poorly on the HGN test. For all the foregoing reasons, we find that Trooper Bracy did not have the probable cause necessary to arrest the appellant for driving under the influence of alcohol.
Accordingly, the appellant's first assignment of error is sustained. Having properly disposed of the appellant's first assignment of error, we need not address the appellant's remaining assignment of error.
WALTERS, J., concurs.
SHAW, J., dissents.
[1] We note that the State of Ohio failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), we may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
[2] The appellant also was issued a written warning for the license plate violation.