JOURNAL ENTRY AND OPINION
Defendant Brian DeGreen appeals from his conviction for driving in marked lanes and driving while under the influence of alcohol. For the reasons set forth below, we affirm.
On March 19, 2000, defendant was cited for driving in marked lanes of travel (weaving) in violation of Chagrin Falls Ordinance Section 331.08 and driving under the influence of alcohol in violation of Chagrin Falls Ordinance Section 331.01(A). Defendant pleaded not guilty to the offenses and on May 18, 2000, moved to suppress the evidence obtained against him. In support of this motion, defendant asserted that there was no probable cause to stop him, that the field sobriety tests were not done in compliance with the rules and regulations of the National Highway Safety Commission (NHTSA), and that he was coerced to provide evidence to the police.
The trial court held a hearing on defendant's motion to suppress on July 12, 2000. Defendant has not provided us with a complete transcript of these proceedings.
On August 30, 2000, defendant filed a second motion to suppress in which he asserted that the Supreme Court's decision in State v. Homan (2000), 89 Ohio St.3d 421, mandated exclusion of the field sobriety tests conducted in this matter. The trial court refused to suppress the evidence and noted:
 Court having heard defendant's original motion, Court is convinced there was probable cause to arrest this defendant.
Defendant entered a no contest plea to the charges on September 18, 2000. The trial court sentenced defendant to thirty days in prison, with twenty days suspended, fined him $500 and suspended his drivers' license for one year. Defendant now appeals and assigns a single error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO HOLD A PRETRIAL HEARING ON APPELLANT'S MOTION FOR ADDITIONAL MOTION TO SUPPRESS EVIDENCE HEARING.
Defendant contends that the trial court erred in denying his second motion to suppress without holding a hearing on the issue of the arresting officer's compliance with the standardized field sobriety testing procedures. He insists that by application of the Supreme Court's decision in State v. Homan, supra, the field sobriety tests conducted in this instance should have been excluded, thereby defeating any claim that there was probable cause to arrest him. We disagree.
Defendant correctly notes that in State v. Homan, supra, paragraph one of the syllabus, the Supreme Court held as follows:
 In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.
Nonetheless, the Homan Court stated that even if the field sobriety test results are excluded, the totality of the remaining circumstances may still establish probable cause. Id., at 428; State v. Nickelson (July 20, 2001), Huron App. No. H-00-036; State v. Rader (June 25, 2001), Fairfield App. No. 00CA72, unreported; State v. McDonald (April 24, 2001), Fairfield App. NO. 2000-CA-51, unreported.
The Homan Court explained:
 While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstance scan support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.
 Prior to stopping appellee's vehicle, Trooper Worcester observed erratic driving on the part of appellee. Upon stopping appellee's vehicle, he observed that appellee's eyes were "red and glassy" and that her breath smelled of alcohol. Appellee admitted to the arresting officer that she had been consuming alcoholic beverages. The totality of these facts and circumstances amply supports Trooper Worcester's decision to place appellee under arrest.
Thus, in determining whether the police had probable cause to arrest, notwithstanding any failure to strictly comply with the standardized field sobriety procedures, a court must consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225,13 L.Ed.2d 142, 145; State v. Homan, supra, at 427. This determination is based upon the "totality" of facts and circumstances surrounding the arrest. Id.; State v. Miller (1997), 117 Ohio App.3d 750, 761; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111.
Applying the foregoing, we note that the claimed failure to comply with the NHTSA does not necessarily defeat the arrest in this instance. Under Homan, supra, the crucial issue is whether, under the totality of the remaining circumstances, there was probable cause for the arrest.
In this case, however, defendant has failed to provide us with a complete record of the proceedings below. The partial transcript provided by defendant begins with testimony concerning administration of a field sobriety test and states, Hearing already in progress not on tape. No App.R. 9(C) or 9(D) record has been provided. We therefore do not have a sufficient record to evaluate the merits of the assigned error. That is, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
In accordance with the foregoing, we must presume the validity of the lower court's proceedings and overrule the assigned error.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND JAMES J. SWEENEY, J., CONCUR.