DECISION AND JUDGMENT ENTRY
This is an appeal by the state from a judgment of the Norwalk Municipal Court which granted the motion to suppress filed by appellee Mark Plemens. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ERROR 1
 "The trial court erred in its findings of fact and conclusion of law when it held `that the officer lacked reasonable articulable suspicion to stop the defendant.'
"ERROR 2
 "The trial court erred in its finding of fact and conclusion of law when it held that the defendant's field sobriety tests were not conducted in conformity with requirements of the U.S. Department of Transportation Standards."
The undisputed facts that are relevant to the issues raised on appeal are as follows. On November 4, 2000, appellee was arrested and charged with operating a motor vehicle while under the influence of alcohol in violation of Norwalk Codified Ordinance 333.01. Appellee was arraigned and entered a plea of not guilty. On December 5, 2000, appellee filed a motion to suppress in which he argued that the arresting officer lacked a reasonable, articulable suspicion for the initial stop and that the field sobriety tests which the officer administered were not conducted in accordance with the applicable standards. A suppression hearing was held on January 31, 2001 and the state presented the testimony of Officer James L. Montana of the Norwalk Police Department. Officer Montana testified that while on routine patrol at approximately 2:00 a.m. on November 4, 2000, he observed appellee pull out of a parking lot onto the road into the path of another vehicle. Officer Montana followed appellee and signaled him to pull over. The officer testified that when he approached appellee he smelled the odor of alcohol on appellee's breath. Officer Montana further testified that when he told appellee it was obvious he had been drinking, appellee admitted he had had four beers. Officer Montana then decided to administer a field sobriety test.
The officer testified that he administered the horizontal gaze nystagmus test, the walk-and-turn test and the one-leg stand test. He testified further as to appellee's performance on each test and stated that when the tests were completed he decided to place appellee under arrest for driving while under the influence of alcohol.
On February 15, 2001, the trial court granted appellee's motion to suppress. The state filed a timely appeal.
In support of its first assignment of error, the state asserts that the record reflects that Officer Montana had a reasonable, articulable suspicion for the initial stop of appellee. In support of its second assignment of error, the state argues that the field sobriety tests were conducted in conformity with the applicable standards and should not have been suppressed by the trial court.
When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592. An appellate court must independently determine, without deferring to the trial court's conclusions, whether as a matter of law the facts meet the applicable standard. State v. Klein (1991),73 Ohio App.3d 486, 488.
"The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." Statev. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus; Statev. Freeman (1980), 64 Ohio St.2d 291, syllabus. In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law.Delaware v. Prouse (1979), 440 U.S. 648, 663. See, also, State v.Brandenburg (1987), 41 Ohio App.3d 109, 110. In justifying a particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a man of reasonable caution in the belief that the action taken was appropriate. Terry v. Ohio (1968),392 U.S. 1, 19-20.
The trial court's judgment entry in this case does not contain any findings of fact to support its conclusion that the motion to suppress should be granted. This court therefore moves directly to a determination of whether the facts presented to the trial court meet the legal standard set forth above. In the case before us, the trial court heard the testimony of Officer Montana that appellee pulled out of a driveway into the path of an oncoming car. The officer was unable to testify to such details as the approximate speed of either car or the distance between the two cars when appellee pulled onto the road. We find, however, based on the totality of the circumstances in this case and the undisputed testimony of Officer Montana, that the officer had a reasonable, articulable suspicion that appellee had violated a traffic law and that he was justified in effectuating a traffic stop at that time. Accordingly, the trial court erred in granting the motion to suppress on this basis and appellant's first assignment of error is well-taken.
The state next argues that Officer Montana administered the field sobriety tests in conformance with the applicable standards and that the trial court erred by suppressing the results of the tests. At the suppression hearing, defense counsel questioned Officer Montana extensively as to the manner in which he administered the horizontal gaze nystagmus test and the walk-and-turn test. Defense counsel did not address the one-leg-stand test. Specifically, counsel argued that the officer did not know the proper standard for determining whether an individual performed the walk-and-turn test appropriately. Officer Montana testified that it was his understanding that if an individual fails to touch heel-to-toe by more than one inch, he has not performed the test properly. Defense counsel referred to the DWI Detection and Standardized Field Sobriety Testing Manual, which indicates as to the walk-and-turn test that leaving a space of one-half inch or more between the heel and toe on any step may be a "clue" that the person has a blood alcohol content above.10.
This court has stated that results of a field sobriety test should not be relied on as a basis for arresting an individual if the tests were not performed in accordance with the standardized methods and procedures set forth in the manual out of which an officer is trained. State v. Homan
(May 14, 1999), Erie App. No. E-97-100, unreported.
It appears from Officer Montana's testimony and our reading of the guidelines set forth in the manual referred to at the hearing, that the officer administered the walk-and-turn test in the standardized manner. Further, we note that defense counsel raised the issue of the maximum acceptable distance between heel and toe in the test by emphasizing that the guidelines instruct the officer to look for a distance of more than one-half inch between heel and toe while the subject walks along a straight line. In an effort to show that Officer Montana failed to strictly follow the guidelines, defense counsel cited the officer's testimony that he was looking for a gap of more than one full inch between heel and toe on any step. It is clear that, while the officer may have been applying the wrong standard in the walk-and-turn test, his standard was in fact to appellee's benefit, as he allowed a full inch as opposed to only one-half inch as specified in the guidelines. As a result, appellee was not prejudiced by the manner in which Officer Montana administered the test and, accordingly, appellant's second assignment of error is well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and judgment of the Erie County Court of Common Pleas granting appellee's motion to suppress is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., CONCUR.