OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Lester A. Ferguson ("the appellant"), appeals the conviction and sentence of the Municipal Court of Defiance for driving under the influence, in violation of R.C. 4511.19(A)(1) and (3). For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. On the evening of June 22, 2001, the appellant's vehicle was stopped by Trooper Felix Antonio Rosario, III, of the Ohio State Highway Patrol while traveling southbound on State Route 66 in Defiance County. Trooper Rosario stopped the appellant's vehicle which he observed traveling at 66 mph, 11 mph over the 55 mph posted speed limit.
During his initial contact with the appellant, Trooper Rosario observed that the appellant's eyes were red and his speech was slurred. The trooper also smelled the strong odor of an alcoholic beverage wafting from the appellant. Trooper Rosario asked the appellant if he had been drinking and the appellant responded "no." Trooper Rosario then attempted to perform the Horizontal Gaze Nystagmus ("HGN") test; however, he failed by his own admission to follow the guidelines promulgated by the National Highway Traffic Safety Administration. While administering the test, the trooper observed the appellant to be sluggish and to have swayed slightly from side to side. Trooper Rosario also stated that the appellant seemed quite calm.
In addition to the HGN test, the trooper wished to perform the one-legged-stand test and the walk-and-turn test, but did not do so upon learning of the appellant's back problems. Instead, the trooper administered a portable breath test ("PBT") to the appellant which estimated the appellant's blood alcohol content to be .15.
Based upon the results of the HGN test and PBT, the appellant's odor, slurred speech, and red eyes, Trooper Rosario arrested the appellant. On June 29, 2001, the appellant appeared with counsel for his arraignment and entered a plea of Not Guilty to a charge of speeding, in violation of R.C. 4511.21(D)(1) and driving while under the influence, in violation of R.C. 4511.19(A)(1) and (3). The appellant filed a motion to suppress on August 9, 2001, and a hearing was held on September 12, 2001. The trial court overruled the motion by judgment entry filed September 18, 2001.
The appellant changed his plea to no contest following the ruling on the motion to suppress. The trial court ultimately found the appellant guilty of driving under the influence and sentenced him to 30 days in jail with all 30 days suspended pending the filing of an appeal; suspended his license for 180 days; and find him $500.00. The appellant now appeals and asserts one assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in overruling appellant's motion to suppress by finding that probable cause existed to arrest appellant for operating a motor vehicle while under the influence of alcohol.
The appellant maintains that the trial court erred in overruling his motion to suppress. Specifically, the appellant argues that Trooper Rosario did not have probable cause to arrest him for driving under the influence of alcohol. For the following reasons, we disagree.
Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses.[1] Thus, the credibility of witnesses during a motion to suppress hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings for issues of credibility.[2] While the appellate court is bound to accept the findings of fact which are supported by competent credible evidence, we must determine independently, without any deference to the decision of the trial court, whether the trial court properly applied the substantive law to the facts of the case.[3]
The appellant argues that Trooper Rosario did not have probable cause to effectuate a lawful arrest because he did not strictly comply with standardized testing procedures concerning field sobriety tests. The appellant points to Trooper Rosario's testimony before the court where he acknowledged that he did not strictly follow NHTSA procedures for giving the HGN test. Additionally, the appellant asserts that the PBT is no longer sanctioned by the Ohio Department of Health. Thus, according to the appellant, the field sobriety test results could not serve as probable cause for his arrest.
In determining whether the police have probable cause to arrest an individual for driving under the influence, the court must consider whether, at the time of the arrest, the police had information, derived from a reasonable trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence.[4] In making such a determination, the reviewing court must examine the totality of the circumstances surrounding the arrest.[5]
In State v. Homan,[6] the Ohio Supreme Court determined that, in administering field sobriety tests, the police must strictly comply with established standardized procedures. The Court held that in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with the standardized testing procedures set forth in the NHTSA Student Manual.[7]
In the present case, the evidence introduced at the suppression hearing clearly and unequivocally established that Trooper Rosario, the arresting officer, did not strictly comply with the established police procedures, as set forth in the NHTSA student manual, when he administered the HGN test. As mentioned by the appellant, Trooper Rosario admitted that he did not comply with established police procedure concerning the test. In addition, the results of the PBT are inadmissible because the Ohio Department of Health no longer recognizes the test.[8] Therefore, the results of the field sobriety test and the PBT could not serve as probable cause to arrest the appellant for driving under the influence of alcohol.
While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests.[9] The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.[10]
Therefore, we must now determine whether the totality of the facts and circumstances nonetheless support a finding of probable cause to arrest.
At the suppression hearing, Trooper Rosario testified that on the evening of June 22, 2001, while traveling northbound on State Route 66, he observed the appellant's vehicle approaching him at a rate of 11 mph over the posted speed limit. At that time, Trooper Rosario performed a routine traffic stop of the appellant's vehicle. Trooper Rosario testified that he did not observe the appellant's vehicle weaving, nor did the appellant appear to have any problem pulling the vehicle to the side of the road.
Upon approaching the appellant's vehicle and after speaking with the appellant, Trooper Rosario smelled the strong odor of an alcoholic beverage coming from the appellant. The trooper then asked the appellant whether he had been drinking, to which the appellant responded in the negative. According to Trooper Rosario, the appellant's eyes were very red, his speech was slurred, and he swayed from side to side during the HGN test.
Based upon the totality of the circumstances, we conclude that there was probable cause to arrest the appellant for driving under the influence of alcohol. Accordingly, the appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Dunlap (1995), 73 Ohio St.3d 308, 314; State v. Robinson
(1994), 98 Ohio App.3d 560.
[2] State v. Mills (1992), 62 Ohio St.3d 357; State v. Fanning
(1982), 1 Ohio St.3d 19.
[3] State v. Vance (1994), 98 Ohio App.3d 56, 58.
[4] Beck v. Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974),38 Ohio St.2d 122, 127.
[5] State v. Miller (1997), 117 Ohio App.3d 750, 761; State v.Brandenburg (1987), 41 Ohio App.3d 109, 111.
[6] (2000), 89 Ohio St.3d 421.
[7] Id. at 426.
[8] See, Ohio Adm. Code 3701-53-02; State v. Chesser (Sept. 25, 1998), Marion App. No. 9-98-22, unreported.
[9] Homan, 89 Ohio St.3d at 427.
[10] Id.