OPINION
{¶ 1} Defendant-Appellant, Christine Hollington ("Appellant"), appeals a Findlay Municipal Court decision overruling her motion to suppress the results of field sobriety tests, which supported probable cause to arrest her for operating a motor vehicle while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1). Because no objection or motion to strike was entered during testimony relating to field sobriety testing, the trial court did not err in admitting testimony of the test results.
 {¶ 2} Facts and procedural history pertinent to issues raised on appeal are as follows. In the early morning of August 25, 2001, Ohio State Patrol Trooper Jeremy Allen stopped Appellant for crossing the centerline on two occasions. When Trooper Allen approached Appellant's vehicle he noticed an odor of alcohol emanating from therein. Consequently, Appellant was requested to accompany the Trooper to his cruiser. Once inside his cruiser, the Trooper noticed that the odor of alcohol increased.
 {¶ 3} Thereafter, Trooper Allen performed three field sobriety tests, the Horizontal Gaze Nystagmus ("HGN") test, the one-leg test, and the walk-and-turn test, in addition to a portable breath test. The trooper testified that Appellant showed all six clues on the HGN test and did not perform the walk-and-turn test without error; specifically, Appellant stopped walking to steady herself, did not properly touch her heel to her toes on six occasions, and stepped off the line while walking. Also, while Appellant blew a .136 on the portable breath test, the trial court did not consider these results at the suppression hearing. On the other hand, Appellant did successfully perform the one-leg-stand test, did not have bloodshot or glassy eyes, and did not slur her speech.
 {¶ 4} Trooper Allen placed Appellant under arrest for DUI pursuant to R.C. 4511.19(A)(1). Subsequently, Appellant filed a Motion to Suppress and/or Motion in Limine on October 23, 2001, asking the court to, among other things, suppress the results of the field sobriety tests because they were not properly administered. A hearing on the motion was held on December 19, 2001. Following the close of testimony, the trial court overruled the motion and continued the matter for trial.
 {¶ 5} On February 27, 2002, Appellant withdrew her previous not guilty plea and entered a plea of no contest to the charge, reserving the right to appeal the trial court's decision to overrule her motion to suppress. Appellant was then found guilty of DUI, and her sentence was stayed pending the outcome of the subject appeal.
 {¶ 6} On appeal, Appellant asserts three assignments of error for our review. Because the first two assignments will be resolved using the same rationale, we will discuss them simultaneously.
 Assignment of Error I {¶ 7} "The trial court committed prejudicial error in overruling Appellant's Motion to Suppress the results of the horizontal gaze nystagmus test (hereinafter "HGN"), as the State failed to lay a proper foundation for such evidence."
 Assignment of Error II {¶ 8} "The trial court committed prejudicial error in overruling Appellant's motion to suppress the results of the field sobriety tests, as the arresting officer failed to administer the tests in strict compliance with standardized testing procedures."
 {¶ 9} In her first and second assignments of error, Appellant claims that the trial court should have granted her motion to suppress the field sobriety tests' results because 1) proper foundation was not elicited from the Trooper's testimony in relation to the HGN test according to the Ohio Supreme Court's decision in State v. Bresson[1]
and 2) the field tests were not administered in strict compliance with the standardized testing procedures as explained in State v. Homan.[2]
 {¶ 10} Before reaching the merits of Appellant's contentions, we note that during the suppression hearing, Appellant failed to object to or enter a motion to strike the trooper's testimony in relation to any of the field sobriety tests. A defendant's failure to object to the admission of evidence during a suppression hearing results in waiver of the issue for purposes of appeal.[3] An appellate court need not consider an error that a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.[4] "This is founded on the desirability of avoiding unnecessary delay and discouraging defendants from making erroneous records, allowing them an option to take advantage of favorable verdicts or to avoid unfavorable ones."[5] Accordingly, by failing to object, Appellant waived all but plain error, which we do not find herein. Therefore, the trial court did not err in admitting the results of the field sobriety tests.
 {¶ 11} For these reasons, we find Appellant's first and second assignments of error to be without merit, and they are hereby overruled.
 Assignment of Error III {¶ 12} "The trial court's finding of probable cause was an abuse of discretion and against the manifest weight of the evidence, when the totality of the facts and circumstances do not support such a finding."
 {¶ 13} In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the time of arrest, "the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence."[6] Moreover, our determination must rely upon the totality of the facts and circumstances surrounding the arrest.[7] We also note that the credibility of the witnesses is a matter to be determined by the trial court.[8] Based upon the following evidence elicited at the suppression hearing and our discussion above, we find no error in the trial court's finding of probable cause.
 {¶ 14} The arresting trooper herein testified that Appellant's vehicle was pulled over for crossing the center line twice by three or four feet in violation of R.C. 4511.25. He further stated that she also veered on to the shoulder two times, although this was not included in his written report following the arrest. Upon approaching Appellant's vehicle, the trooper noticed an odor of alcohol, which grew stronger once he escorted Appellant to his cruiser. Inside his cruiser, the trooper conducted the HGN test and found all six clues to be present, indicating a high probability that Appellant was intoxicated. Thereafter, he performed the one-leg-stand test and the walk-and-turn test. While Appellant showed no signs of intoxication on the one-leg-stand test, she did stop walking to steady herself, did not properly touch her heel to her toes on six occasions, and stepped off the line while walking during the walk-and-turn test. Based upon Appellant's erratic driving, the odor of alcohol eminating from her person, her exhibition of all six clues on the HGN, and her infractions on the walk and turn test, we find that the totality of the circumstances supports the trial court's finding of probable cause.
 {¶ 15} For these reasons, Appellant's third assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] (1990), 51 Ohio St.3d 123, 128.
[2] (2000), 89 Ohio St.3d 421, 2000-Ohio-212.
[3] Cf. State v. Walker (Aug. 23, 2002), Ashtabula App. No. 2001-A-0086, 2002-Ohio-4362; State v. Custer (July 12, 2001), Cuyahoga App. No. 78335; State v. Cramblit (Mar. 4, 1992), Hocking App. No. 91 CA 7; State v. Lyons (Nov. 14, 1990), Medina App. No. 1901.
[4] Lyons, supra, citing State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
[5] State v. Childs (1968), 14 Ohio St.2d 56, 62.
[6] Homan, 89 Ohio St.3d at 427, citing Beck v. Ohio (1964), 379 U.S. 89,91; State v. Timson (1974), 38 Ohio St.2d 122, 127.
[7] Id., citing State v. Miller (1997), 117 Ohio App.3d 750, 761; Statev. Brandenburg (1987), 41 Ohio App.3d 109, 111.
[8] State v. Mills (1992), 62 Ohio St.3d 357, 366.