OPINION
On February 4, 2001, Sergeant Greg Seesholtz of the Lancaster Police Department stopped appellant, Matthew Cook. Upon investigation, Sergeant Seesholtz cited appellant for driving under the influence of alcohol in violation of Lancaster Ordinance 333.01(A)(1) and (A)(3) and no turn on red in violation of Lancaster Ordinance 313.03(C)(2).
On May 2, 2001, appellant filed a motion to suppress any and all statements made and all evidence based upon the fact there was no probable cause to arrest him. A hearing was held on June 12, 2001. At the conclusion of the hearing, the trial court denied said motion.
On October 9, 2001, appellant pled no contest to the (A)(1) charge. The remaining charges were dismissed. By journal entry filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail, twenty-seven days suspended, and imposed a $250.00 fine plus court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT FOUND PROBABLE CAUSE TO ARREST DEFENDANT FOR OMVI?
 II. DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT RULED THAT TESTS ADMINISTERED IN VIOLATION OF NHTSA STANDARDS WOULD BE ADMISSIBLE AT TRIAL?
 I
Appellant claims the trial court erred in finding Sergeant Seesholtz had probable cause to arrest him for driving under the influence. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993),85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In State v. Homan (2000), 89 Ohio St.3d 421, the Supreme Court of Ohio examined a motion to suppress involving field sobriety tests and probable cause to arrest, and held the following at 427:
 In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; State v. Timson (1974), 38 Ohio St.2d 122, 127, 67 O.O.2d 140, 143, 311 N.E.2d 16, 20. In making this determination, we will examine the `totality' of facts and circumstances surrounding the arrest. See State v. Miller (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703, 710; State v. Brandenburg (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906, 908.
* * *
 While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance.
In the early morning hours of February 4, 2001, Sergeant Seesholtz observed appellant and two others outside a bar. T. at 15. Sergeant Seesholtz told the three not to drive as "they were in no shape to drive." Id. Approximately one and one-half hours later, Sergeant Seesholtz observed appellant driving a vehicle wherein he violated the speed limit and made an illegal right hand turn on red. T. at 16-20. Appellant does not dispute the fact that he violated the speed limit and made an improper right hand turn. Upon stopping appellant, Sergeant Seesholtz detected "an odor of alcohol emitting from his breath" and observed appellant's eyes to be "glassy and bloodshot." T. at 21-22. Sergeant Seesholtz performed field sobriety tests, the horizontal gaze nystagmus test, the one-leg stand test and the walk-and-turn test, and concluded appellant had failed all three tests. T. at 23-30. Appellant admitted to drinking, but claimed "he hadn't had that much to drink" because "he was the designated driver." T. at 33. Sergeant Seesholtz testified appellant's speech was slurred, he was "definitely swaying as he was standing still" and he had trouble finding his driver's license. T. at 32, 34.
Admittedly, the field sobriety tests were not done with strict compliance to the NHTSA test manuals, but rather according to Sergeant Seesholtz's training. Following Homan, we find the field sobriety tests must be excluded in determining whether Sergeant Seesholtz had probable cause to arrest appellant. However, the trial court looked at the totality of the circumstances in determining probable cause, properly following the dicta of Holman cited supra.[1]
In applying this analysis, we find the violation of two traffic laws, odor of alcohol, admission of drinking, bloodshot/glassy eyes, fumbling for license and inability to stand without swaying to be sufficient for probable cause to arrest. Appellant also argues that requiring him to count during the one-leg stand test and the walk-and-turn test violated his right against self-incrimination. Counting out loud does not incriminate oneself any more than requiring an individual to identify oneself. These casual encounters do not require constitutional scrutiny.State v. Dean (April 20, 1992), Stark App. No. CA8700, unreported.
Having found sufficient probable cause without the field sobriety tests, we are not required to address appellant's arguments on the compliance/noncompliance with the NHTSA test manuals.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in determining the field sobriety tests were admissible at trial. Appellant never went to trial, but pled "no contest." The trial court was never presented with the opportunity to make a final determination on the admissibility of the field sobriety tests. We are not required to give advisory opinions on matters not preserved for appeal:
 At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. (State v. Gilmore
[1986], 28 Ohio St.3d 190, 503 N.E.2d 147, applied.) State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
Assignment of Error II is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court of Fairfield County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J., Hon. Sheila G. Farmer, J., Hon. John F. Boggins, J., concur.
[1] Appellant argues this language is contrary to law, but we are required to follow and give due respect to the precedent set by the Supreme Court of Ohio. Krase v. State (1972), 31 Ohio St.2d 132.