DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Sylvania Municipal Court wherein appellant, Martin B. Comeau, was convicted of driving while under the influence of alcohol, a violation of Sylvania Municipal Code 333.01(A)(3). Because we conclude that appellant's arrest was the result of an illegal stop, we reverse.
Following his arrest for driving while under the influence of alcohol, appellant filed a motion to suppress. Specifically, appellant argued that the arresting officer lacked reasonable suspicion to stop appellant's vehicle. A suppression hearing commenced on December 11, 2000. Officer Joshua R. Seney of the Sylvania Police Department testified that before a shift change, officers are advised of any situations they should look out for that may result in criminal behavior. Before Officer Seney began his shift on the evening of July 2, 2000, he was advised that a mechanic had recently been fired from a local driving school. The manager of the school had called the police to alert them that the mechanic might try to damage the school's vehicles in retaliation. In the early morning hours of July 3, 2000, Officer Seney parked his cruiser at the strip mall where the driving school was located. At this time, approximately 2:00 a.m., Officer Seney testified that all of the businesses in the strip mall were closed. Officer Seney testified that he saw a parked vehicle in the parking lot with its lights on. He did not know how long the vehicle had been there. The vehicle was approximately two hundred feet from the driving school. No other vehicles were in the parking lot. Officer Seney watched as the vehicle pulled out of the parking lot and onto the street. Officer Seney followed the vehicle and then signaled the driver, appellant, to stop his car. Officer Seney testified that it was his department's policy to watch closed businesses when working the midnight shift. He further testified that he stopped appellant's vehicle because he found appellant's presence in the parking lot to be suspicious.
Appellant testified that he is employed at a florist's shop located in the strip mall. In the early morning hours of July 3, 2000, appellant testified that he drove to the florist shop to drop off keys to one of the business vans. Appellant testified that he hid the keys in a planter in front of the business and then got into his car to go home. Appellant testified that there are fourteen businesses located between the florist shop and the driving school. Appellant testified that officer Seney stopped him soon after he drove out of the parking lot.
The trial court denied appellant's motion to suppress. A jury found appellant guilty on December 13, 2000. He was sentenced to three days in jail. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE GAINED FROM THE STOP AND ARREST CONDUCTED ON JULY 3, 2000."
When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v.Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein
(1991), 73 Ohio App.3d 486, 488.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979), 440 U.S. 648, 663. See, also, State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. In justifying a particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a person of reasonable caution in the belief that the action taken was appropriate.Terry v. Ohio (1968), 392 U.S. 1, 19-20. "The propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus; State v. Freeman
(1980), 64 Ohio St.2d 291, paragraph one of the syllabus. Relevant factors include the area's reputation as a high-crime area, the time of day, and suspicious behavior by the person stopped. Id. at 295.
In denying appellant's motion to suppress, the court noted that appellant did have a plausible reason for being in the parking lot that night. However, the court further noted that before stopping appellant, Officer Seney would have no way of knowing why appellant was there. Based on Officer Seney's seven years of experience, his training, the information he received regarding the driving school and the time of day, the trial court found there to be a reasonable, articulable suspicion justifying the stop of appellant's vehicle.
Officer Seney did not have a description of the driving school mechanic or his vehicle. Officer Seney observed appellant's vehicle some distance from the driving school. Officer Seney did not testify that he observed appellant commit a traffic infraction. Rather, he testified he stopped appellant for being "suspicious." There was no evidence to suggest that the strip mall was located in a so-called "high-crime area." Viewing the totality of the circumstances, we conclude that these facts are simply insufficient to give rise to a reasonable, articulable suspicion that appellant was engaged in illegal activity. Appellant's sole assignment of error is found well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining and judgment of the Sylvania Municipal Court denying appellant's motion to suppress is reversed. This matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., JUDGES CONCUR.