DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Bryan Municipal Court. Finding no reversible error, we affirm.
 {¶ 2} On May 2, 2001, appellant was charged with one count of driving while under the influence of alcohol, one count of endangering children, one count of having an open container of alcohol in a vehicle and one seat belt violation. A suppression hearing commenced on September 19, 2001. Patrolman Darrell Higbie from the Montpelier, Ohio Police Department testified that on May 2, 2001 he was investigating a traffic accident when he saw appellant, Rhonda Fischer, slowly driving a pickup truck. Patrolman Highbie testified that he saw a small child jumping up and down next to appellant. Highbie testified that he was concerned for the safety of the child so he yelled out to appellant to stop the truck. When appellant did not hear Highbie, another officer stopped the truck.
 {¶ 3} Highbie testified he walked up to appellant's vehicle and observed a child standing on the front passenger seat. Highbie testified that he immediately noticed that appellant smelled of alcohol. Highbie testified that there was no child safety restraint device in the car. Appellant explained that her daughter was standing on the seat so she could look at the accident scene. Appellant argued that it was unlawful to stop her for failure to have her child in a child restraint device. The judge disagreed and denied her motion to suppress.
 {¶ 4} A trial was held resulting in appellant's conviction for child endangerment, open container and a seat belt violation. Appellant was acquitted of DUI. Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED BY REFUSING TO GRANT DEFENDANT'S MOTION TO SUPPRESS.
 {¶ 6} "II. THE TRIAL COURT ERRED BY REFUSING TO GRANT DEFENDANT'S OBJECTIONS AT TRIAL ON THE BASIS OF R.C. 4511.81 AND R.C. 4513.263 TO PREVENT THE PROSECUTION FROM INTRODUCING ANY EVIDENCE AGAINST THE DEFENDANT FOR ANY CRIMINAL CHARGES RELATED TO THE STOP.
 {¶ 7} "III. THE TRIAL COURT ERRED BY FINDING DEFENDANT GUILTY OF CHILD ENDANGERMENT.
 {¶ 8} "IV. THE TRIAL COURT ERRED BY FINDING DEFENDANT GUILTY OF OPEN CONTAINER.
 {¶ 9} "V. THE TRIAL COURT ERRED BY FINDING DEFENDANT GUILTY OF THE CHARGE OF FAILING TO WEAR AN OCCUPANT RESTRAINING DEVICE."
 {¶ 10} In her first assignment of error, appellant contends that the court erred in denying her motion to suppress.
 {¶ 11} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Statev. Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 12} In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979),440 U.S. 648, 663. See, also, State v. Brandenburg (1987),41 Ohio App.3d 109, 110. In justifying a particular intrusion, the police officer must be able to point to specific and articulable facts which would warrant a person of reasonable caution in the belief that the action taken was appropriate.
 {¶ 13} Appellant contends that the officers unlawfully stopped her vehicle to arrest her for a minor misdemeanor seatbelt offense in violation of R.C. 2935.26(A). We disagree with appellant's argument. The record shows that the officers stopped appellant's vehicle because they saw that a child passenger in appellant's vehicle was not wearing a proper restraining device pursuant to R.C. 4511.81. While a violation of R.C. 4511.81 is a minor misdemeanor offense and not an offense justifying a custodial arrest, it is nevertheless a violation of the law and is therefore a reasonable basis upon which an officer may rely to conduct a brief investigative stop. The fact that Officer Highbie detected an odor of alcohol from appellant led to her further detention and ultimate arrest for a misdemeanor offense. Appellant's first assignment of error is found not well-taken.
 {¶ 14} In her next four assignments of error, appellant alleges that various evidentiary errors occurred at her trial.
 {¶ 15} App.R. 9(C) states:
 {¶ 16} "Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 17} The record in this case does not contain a transcript of the trial. Appellant filed a "statement of trial evidence" based on the unavailability of the trial transcript. However, there is no evidence in this record showing that the "statement of trial evidence" was ever submitted to the trial court as required by App.R. 9(C). Accordingly, we cannot consider appellant's "statement of trial evidence."
 {¶ 18} Absent a trial transcript this court must presume the validity of the trial court proceedings and find appellant's remaining four assignments of error not well-taken. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 19} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Bryan Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.