[Cite as *State v. Searls*, 2011-Ohio-1622.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10 CA 47 |
| TIMOTHY SEARLS | |
| Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Fairfield Municipal
Court, Case No.  09 TRC 10165


JUDGMENT:                Affirmed


DATE OF JUDGMENT ENTRY:      March 31, 2011


APPEARANCES:

For Appellee                    For Appellant

NO APPEARANCE            SCOTT P. WOOD
DAGGER, JOHNSTON, MILLER
OGILVIE & HAMPSON
144 East Main Street, P. O. Box 667
Lancaster, Ohio  43014

*Wise, J.*

{¶1 } Appellant, Timothy Searles, appeals the trial court's denial of his motion to suppress as well as his convictions for operating a vehicle under the influence of alcohol, leaving the scene of an accident, failure to control, and no operator's license.

{¶2 } Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth three proposed Assignments of Error. Appellant was notified of his right to raise any additional assignments of error but has not filed any. Appellee has not filed a responsive brief. Counsel for Appellant raises the following potential assignments of error:

{¶3 } "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.

{¶4 } "II. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT.

{¶5 } "III. THE JURY VERDICTS AND COURT FINDINGS OF GUILT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶6 } Appellant was stopped while riding as a passenger in a vehicle which was being driven by Amy Starowesky. The reason Starowesky's car was stopped was because Office Matthew Ream of the Lancaster Police Department was informed by another police officer that Appellant had just left the scene of an accident.

{¶7 } Starowesky testified she was driving her car in the parking lot of a bar when she saw Appellant's truck with smoke coming from its tires. She was concerned about Appellant who was an acquaintance, so she got out of her car to see what was

happening. Starowesky saw a man trying to get Appellant's truck dislodged from a sandstone block. She testified Appellant was behind the wheel rocking the truck back and forth trying to extricate it from the sandstone block. After the two men failed to get the truck free, Appellant got into Starowesky's car and told her to drive. Appellant also told Starowesky, "I wasn't driving, so I can't get into any trouble."

{¶8 } The man who was helping Appellant with the truck was Donald Tidball. Tidball testified he was awakened by the sound of squealing tires. He lived very close to the bar and accident scene, so he got dressed and tried to help. When he arrived, he saw Appellant behind the wheel of the truck attempting to rock it back and forth to free it from the sandstone block. Around the time police arrived, Appellant left with Starowesky. Tidball advised police they should go after Starowesky and Appellant because he believed they both had been drinking.

{¶9 } Shortly after they left the scene, Starowesky and Appellant were pulled over. Officer Ream testified Appellant admitted he had been driving the truck and got it stuck on the sandstone block. Appellant also admitted to having consumed alcohol. Officer Ream conducted the horizontal gaze nystagmus test. The results of the test indicated possible impairment. When he began to administer the walk and turn field sobriety test, Appellant tried to begin the test several times but ultimately indicated he could not complete the test. Officer Ream asked Appellant for the keys to the truck. Appellant stated he left the keys in the truck. At that point, Appellant was arrested for Operating a Vehicle Under the Influence of Alcohol. Officer Ream also determined Appellant did not have a valid operator's license.

{¶10 } Appellant was transported to the police station where he told Officer Ream he was not driving the vehicle. A breath test was offered to Appellant, however, he refused to take it.

{¶11 } In his defense, Appellant called Brian Conrad who testified that he and Appellant spent the evening with a woman named Becky Reed. According to Conrad, Becky Reed drove both Brian and Appellant because Appellant had let a friend named Jennie borrow his truck. Later that night Appellant told Conrad that Jennie had gotten the truck stuck on the sandstone.

{¶12 } Appellant testified he was impaired on the night of the accident. To explain the officer's contention that Appellant admitted to driving, Appellant testified that the officer asked if the truck was his and if he knew it was stuck, to which Appellant replied, "yes." He did not recall confirming to the officer that he was the one who got the truck stuck. Appellant testified he left the bar because Amy Starowesky offered him a ride home. With regard to the testimony offered by Tidball, Appellant stated he had no recollection of ever seeing Tidball. He also testified he never saw the police arrive. Additionally, he testified he never told police the name of the person who was driving his truck when it crashed.

I.

{¶13 } In his first assignment of error, Appellant maintains the trial court erred in overruling his motion to suppress. The hearing on the motion to suppress was limited to whether the officer had probable cause to arrest Appellant and whether statements taken from Appellant were taken in violation of Miranda.

{¶14 } Appellate review of a trial court's decision to grant or deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

{¶15 } There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; and *State v. Klein* (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141. Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the

appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 623, 620 N.E.2d 906.

{¶16 } Appellant's first contention is that probable cause did not exist to arrest Appellant. An officer has probable cause to arrest a suspect for OVI if, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan* (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952, citing *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; *State v. Timson* (1974), 38 Ohio St.2d 122, 127, 67 O.O.2d 140, 143, 311 N.E.2d 16, 20. In making the determination as to whether probable cause existed, a reviewing court will examine the "totality" of facts and circumstances surrounding the arrest. *Homan,* supra, citing *State v. Miller* (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703, 710; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906, 908.

{¶17 } Officer Ream testified at the suppression hearing that Appellant admitted he was operating the vehicle. Upon having contact with Appellant, Officer Ream noticed Appellant was swaying, had glassy, bloodshot eyes, slurred speech, and an odor of alcohol coming from his breath. Officer Ream administered the horizontal gaze nystagmus test which revealed six out of six possible clues of impairment. Appellant was unable to perform any other field sobriety tests which contributed to Officer Ream's belief that Appellant was impaired. Further, Appellant admitted to Officer Ream that he had consumed alcohol. Based upon the foregoing, we find sufficient evidence was presented to demonstrate probable cause to arrest Appellant.

{¶18 } Appellant next contends that his statements were taken in violation of Miranda. In *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694, the United States Supreme Court held the Fifth Amendment to the United States Constitution prevents the admission at trial of statements made by a defendant during custodial interrogation when the defendant has not been advised of certain rights. A "custodial interrogation" is defined as questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his or her freedom of action in any significant way. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

{¶19 } Appellant made two statements which were incriminating. First, he admitted to driving the vehicle. Second, he admitted to consuming alcohol. At no time did Officer Ream administer the Miranda warnings.

{¶20 } Both statements were made around the beginning of Officer Ream's initial contact with Appellant. Based upon the testimony of Officer Ream, it is clear Appellant was not under arrest nor in custody at the time the statements were made. Rather, Officer Ream was conducting an investigation to determine whether Appellant had in fact operated the vehicle involved in the accident.

{¶21 } For these reasons, Appellant's first assignment of error is overruled.

II.

{¶22 } In his second Assignment of Error, Appellant argues there was insufficient evidence to convict Appellant. Specifically, Appellant suggests there was insufficient evidence presented to establish Appellant operated the vehicle.

{¶23 } On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

{¶24 } The State presented evidence that Appellant operated the truck on the night in question while under the influence of alcohol. In its case, the State presented two witnesses who testified they saw Appellant operate the truck causing movement of the truck. Testimony from multiple witnesses was presented indicating Appellant left the scene of the accident when police arrived. Further, one of the officer's testified Appellant had multiple indicators of being impaired coupled with Appellant's admission to consuming alcohol. The same officer testified Appellant admitted to getting the truck stuck on the sandstone. Additionally, he testified Appellant did not have a valid license at the time of the accident.

{¶25 } All of this testimony, considered in a light most favorable to the prosecution, would support a guilty finding of operating a vehicle under the influence of alcohol, leaving the scene of an accident, no operator's license, and failure to control. For this reason, Appellant's second assignment of error is overruled.

III.

{¶26 } In his third assignment of error, Appellant argues the jury verdict and court verdict were against the manifest weight of the evidence.

{¶27 } On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52.

{¶28 } In making this determination, the Supreme Court of Ohio has outlined eight factors for consideration, which include "whether the evidence was uncontradicted, whether a witness was impeached, what was not proved, that the reviewing court is not required to accept the incredible as true, the certainty of the evidence, the reliability of the evidence, whether a witness' testimony is self-serving, and whether the evidence is vague, uncertain, conflicting, or fragmentary." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23-24, 514 N.E.2d 394, citing *State v. Mattison* (1985), 23 Ohio App.3d 10, 490 N.E.2d 926, syllabus.

{¶29 } The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶30 } There were two witnesses who testified they witnessed Appellant operating the truck shortly before Appellant was stopped by police. One of the witnesses was completely independent having no connection to Appellant. The other was an acquaintance of Appellant who testified Appellant was a very nice guy. Both of these witnesses' presented consistent testimony to one another. The only testimony in

opposition was Appellant's self-serving testimony that he was not driving. Appellant admitted to police that he was drinking and admitted during his testimony at trial that he was impaired.

{¶31 } We cannot say based upon the evidence presented that the jury clearly lost its way in finding Appellant guilty. For this reason, Appellant's third assignment of error is overruled.

{¶32 } For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Municipal Court of Fairfield County, Ohio.

By: Wise, J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0308

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                           :
                                        :
        Appellee                        :
                                        :
-vs-                                    :               JUDGMENT ENTRY
                                        :
TIMOTHY SEARLS                          :
                                        :
        Appellant                       :               Case No. 10 CA 47


For the reasons stated in our accompanying Memorandum-Opinion, Attorney Scott Wood is permitted to withdraw as counsel for Appellant.  The judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____
                                        JUDGES